Bailey, J.
Appeal from justice of the peace.
This ease comes into this court upon appeal by defendant from an order of a justice of the peace, refusing upon defendant’s motion to discharge an attachment issued out of his court. The appeal is taken under favor of Section 6494, Revised Statutes.
In the presentation and argument of the ease, two grounds or reasons were urged in support of the motion to discharge the attachment: (1) that because of erasures therein the affidavit in
attachment fails to set forth any ground for attachment; (2) that affiant has failed to state sufficiently the nature of his claim sued upon.
1. An inspection of the affidavit discloses that the sole ground of the attachment is the non-residence of the defendant. The affidavit is upon a printed form with blanks filled in with pen and ink and with all printed grounds of attachment effectually *306 erased except the following: “That said defendant is a nonresident of said county of Allen.” The defendant claims that the foregoing allegation is also destroyed by a partial erasure. It appears that “county of Al” is in fact erased with a well defined and rather broad ink line, thus leaving only the following: “That said defendant is a non-resident of said -len.” It is perhaps not competent to consider what the affiant intended to erase and what to leave in the affidavit. The erasing line is there and will have to be treated as an established fact regardless of intention not shown by the paper itself. Np claim is made by the plaintiff that this erasing line was placed upon the affidavit after it had been signed. The presumption therefore is, that it was placed where it now appears before signature. To fix the venue -these words- appear in the upper left corner of the printed form just above the caption of the case: ‘ ‘ The State of Ohio, Allen O-ounty, ss.” The word “said” in the above quoted ground of attachment seems to call from some township, county or state—some political division of territory in or over which the justice has jurisdiction. In attachment a justice of the peace has jurisdiction throughout his county. Therefore taking the word “non-resident” in connection with “said” and “Allen County” -in the venue, the conclusion is reached that it fairly appears that the defendant is a non-resident of Allen county, Ohio. This conclusion may appear somewhat strained in view of the rule that pleadings and especially affidavits in attachment are to be construed against the pleader.
2. The following words are the only statement of the nature of plaintiff’s claim ‘1 for money had and received. ’ ’ An implied contract will sustain an attachment based on the non-residence of the defendant.
If a claim for “money had and received” rests- necessarily and in all eases upon -a contract, express or implied, the statement in the affidavit of the nature of plaintiff’s claim is sufficient ; otherwise not, because the non-residence of the defendant can become an available ground of attachment only when the claim arises upon contract (Section 6489, Revised Statutes). And in such case it must appear in the affidavit that the claim is a *307 debt or demand arising upon contract. This is so, because the justice would be without jurisdiction or authority to issue the attachment unless it appear from the affidavit that the plaintiff is entitled to the writ. ■
After considerable examination of the authorities for the purpose of finding the exact meaning of the term “money had and received” the court finds that not all claims for “money had and received” arise upon contract, express or implied. There is no essential difference in law between express and implied contracts. The difference is in the method of proof. In either case the court must be able to find that there was a meeting of minds. An express contract is proved by the language used; an implied contract by circumstances and conduct. Columbus, H. V. & T. Ry. v. Gaffney, 65 Ohio St., 104.
Upon a claim for “money had and received” the plaintiff is required to prove only that he has a better right to the money than the defendant, and not that his claim arises upon contract. 27 Cye. Law & Proeed., 854.
To illustrate: A, passing along the street, drops and loses a $100 bill; B, a total stranger following along not within sight of A, finds the bill, not knowing who lost it. There is no contract express or implied between A and B. Their minds never met, yet A, without ever having met B, may sue B for $100 as for “money had and received” and recover.
We have three kinds of contracts: 1, express; 2, implied; 3, quasi or constructive (so-called).
The first and second are real contracts; the third is a mere fiction raised by the law—not by the parties—to enforce a duty or furnish a remedy where there would otherwise be none, because of the very absence of a contract (Columbus, H. V. & T. Ry. v. Gaffney, supra). The opinion of Minshall, C. J., in this ease is good reading and reasoning. In her affidavit plaintiff does not exclude the possibility of her claim resting upon a so-called constructive contract—a mere fiction.
It follows that plaintiff has not sufficiently stated the nature of her claim, and for that reason her attachment must fail. The motion to discharge the attachment is sustained at costs of *308 plaintiff, both below and in this court. The attached property is ordered 'released to the defendant. Judgment and execution for costs. This judgment is ordered certified to the justice. Plaintiff is given an exception. An entry in accordance with the foregoing may be placed upon the journal.